**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RAMIRO GUERRERO,**

    **Plaintiff,**

v.                                                            Case NO.:

**TOP NOTCH CONSTRUCTION**
**OF CENTRAL FLORIDA, INC.,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RAMIRO GUERRERO, by and through undersigned counsel, brings this action against Defendant, TOP NOTCH CONSTRUCTION OF CENTRAL FLORIDA, INC. ("Defendant"), and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida because all of the events giving rise to these claims occurred in Hardee County, Florida.

## PARTIES

4. Plaintiff is a resident of Hardee County, Florida, and he worked for Defendant in Hardee County, Florida.

5. Defendant operates a construction company in Hardee County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

## FACTS

15. Plaintiff began working for Defendant as a carpenter on or around June 20, 20211, and he worked in this capacity until on or around May 10, 2025.

16. At all times material hereto, Plaintiff was compensated on an hourly basis at a rate of approximately $19.54 per hour.

17. Throughout his employment, Plaintiff regularly worked approximately fifty (50) hours per week. Despite this, Defendant compensated Plaintiff only his regular hourly rate for all hours worked, including those in excess of forty (40) in a given week.

18. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

19. Defendant's actions were willful and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

20. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

21. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

22. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

23. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c) An equal amount to Plaintiff's overtime damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

    f) All costs and attorney's fees incurred in prosecuting these claims; and

    g) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 19th day of August, 2025.

                              Respectfully submitted,

                              */s/ Christopher J. Saba*

                              **CHRISTOPHER J. SABA**
                              Florida Bar Number: 0092016
                              **WENZEL FENTON CABASSA P.A.**
                              1110 N. Florida Avenue, Suite 300
                              Tampa, Florida 33602
                              Main No.: 813-224-0431
                              Direct No.: 813-321-4086
                              Facsimile No.: 813-229-8712
                              Email: csaba@wfclaw.com
                              Email: tsoriano@wfclaw.com
                              **Attorneys for Plaintiff**